Harold D. PADDOCK, Appellant,

v.

Florence PADDOCK, Appellee.

No. 14877.

United States Court of Appeals Ninth Circuit.

Oct. 1, 1956.

Bell, Sanders & Tallman, Anchorage, Alaska, for appellant.

Davis, Renfrew & Hughes, Anchorage, Alaska, for appellee.

Before ORR, POPE and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This appeal was initiated from a decree granting a divorce to Florence Paddock from Harold D. Paddock and from various provisions thereof allotting property rights to her. The decree was passed by the District Court (Third Division) at Anchorage, Alaska, which has jurisdiction in divorce [1] as this Court has jurisdiction on appeal therefrom.

The divorce suit was begun by the wife, and the husband answered charging misconduct on the part of the wife and prayed on his part for divorce also. The charges relied upon in this counter claim read as follows:

"That there is an incompatibility of temperament existing between the plaintiff and the defendant, in that animosity has grown between them over a variety of matters during the past several years; that the plaintiff has been extravagant and uncooperative in the recent course of their married life and has harassed and injured defendant in the conduct of his business; that the plaintiff

has been guilty of misconduct with other persons of a nature to cause defendant humiliation and embarrassment with another person or persons; that as a result of the plaintiff's misconduct, it has become impossible for them to live together peaceably as husband and wife; that defendant has at all times conducted himself as a reasonable person and is without fault."

When the trial was reached, plaintiff produced evidence as to incompatibility of the parties, which established prima facie that the fault therefor lay largely with the husband. Evidence as to property rights was also submitted by her. Plaintiff rested and defendant testified as to the property rights, but made no effort to controvert the case of plaintiff for divorce and introduced no testimony or evidence tending to sustain the lurid charges of his counterclaim for divorce. Mr. Kay, counsel for the husband, then said, "Defense rests, Your Honor." Florence Paddock then testified in rebuttal. After some colloquy between court and counsel, the trial judge said: "Now, as to the bills the Court would like to have Mrs. Paddock take the witness stand as to these bills." The trial court then made certain determinations as to preliminary allowance for the wife.

Thereupon, on December 22, 1953, the taking of evidence and the trial ended. The case was closed without reservation as to further testimony. The court had appointed a master to assist him in the matters of accounting, and at the close of the trial urged that the parties should cooperate to bring the matter to an early determination. The trial court told Mr. Kay that, if he felt strongly about the law of the case, he might present a brief and he begged for further time. The court gave him until January 5, 1954. This brief was never filed.

By January 26, 1954, Mr. Bell was substituted as counsel vice Mr. Kay by Harold Paddock and has represented him since. On that day, defendant, through Mr. Bell, moved to reopen the case and

set aside all previous orders made. This motion was grounded upon the statement that the husband "is informed and believes, and is quite confident he can prove by a preponderance of the evidence" that the wife "is living in adultery." Many other allegations were placed in the affidavit relating to the property. The court also rendered a written memorandum of opinion in the matter on October 8, 1954, in which it is said:

"* * * counsel for the litigants orally stipulated that the defendant would not attempt to rebut the incompatibility testimony given by the plaintiff and further stipulated that the only remaining segment of the action to be considered by the court was one of property determination of the parties. "I find that the plaintiff has sustained the burden of proof and that she is entitled to a divorce from the defendant."

Therein also the trial judge reviewed the evidence as to property rights, arrived at certain tentative findings and conclusions and directed the preparation of formal findings and conclusions. Thereafter, on December 22, 1954, definitive findings of fact and conclusions of law were filed. A decree based thereon granting divorce to the wife and allocating certain property and money to her was passed by the court and entered of record.

In accordance with the findings, conclusions and decree, Paddock's Paint and Furniture Store was appraised by three appraisers, one selected by the wife, one selected by the husband and one selected by the two other appraisers. The appraisers selected by the parties agreed upon the share of the interest allocated to each in and to the business and business property according to the decree of the court. There was a disagreement as to whether interest should be determined by the provisions of the decree or in accordance with the paragraphs of the opinion of the court of October 8. Additional evidence was taken by the trial judge concerning the interests of the respective parties in this property. The two appraisers presented written state-ments, each as to his respective position, in addition to his oral testimony. The trial court thereupon entered an oral opinion concerning the various accountings of the two appraisers on March 11, 1955. Thereafter, the court denied motion for new trial, and on June 24, 1955, entered formal order denying this motion and finding that the determination of the interest in the business and the business property reported by the appraiser for the wife was in accordance with the findings of fact, conclusions of law and decree of December 22, 1954. Since these findings, conclusions and decree carried out the intention of the court, these were readopted and reaffirmed. Appeal to this Court by the husband followed.

■ The points raised by Harold D. Paddock upon this appeal, generally speaking, relate either to matters of procedure or questions of fact. It is first objected that defendant had not rested his case prior to the entry of findings of fact, conclusions of law and decree. The record shows that this is not true. The case was tried fully by Mr. Kay, counsel for the husband, and the matter completely submitted except that time was extended to him to a definite date for the filing of a brief. This brief was never filed, apparently because he was discharged. The motion to reopen, which was filed before the entry of the findings or decree, stated no facts upon which there was any ground for the court to act. No excuse was presented for the failure to present testimony at the trial if the allegations of misconduct were based upon any evidence of which the husband knew.

■ The divorce was thus granted to the wife based upon incompatibility of the parties due to the fault of the husband, which was affirmatively proved. This is the key point of the matter which affects all other matters urged upon us by the husband. The cause was fairly tried. Counsel for Harold D. Paddock at the time made admissions of record. These are binding upon present counsel. The trial court had a right to consider the fact that invidious charges were made against the wife by the husband

and that there has never been any attempt to support any of them by a scintilla of evidence, either in court or by affidavit. The record before this Court establishes that the wife was the wronged party, and all other determinations must be viewed in the light of this established fact. The trial court must be affirmed as to the divorce to plaintiff wife.

The husband argues that the decree relating to the property is unfair to him and was erroneous as a matter of law. The cases which he cites generally are predicated upon the proposition that the wife in the case was at fault and that therefore she could not be given a fair share of the property. The husband, however, has in this case been adjudged at fault. The contention which he was making in the court below and apparently makes here is that there should be an equitable division of the property, but that that which he had invested in the business prior to the marriage should be considered as his separate property. This is in effect what the court did. However, the husband disagrees as to the details. Since the findings are based upon facts which we find in the record and the conclusions were clearly within the discretion of the court, this Court has no power to reverse unless we find some legal error.

Complaint is made by the husband that the court treated the business as a partnership between husband and wife. His contention is that no such relationship can exist under the law of Alaska. There was evidence that the business was conducted as a partnership and the court found that both plaintiff and defendant devoted their "best efforts" to the development of the business. We do not intend to discuss the details, but we find there was evidence in the record which would support this finding and that it was not clearly erroneous.

There was further proof that the business was "operated as a partnership." However, since the husband was at fault and the wife certainly devoted time to the business during the period when it made its substantial earnings, it was proper for the court to divide such earnings in the way in which he believed equitable and just. There needed to be no proof of a partnership relationship, and it was not material whether such a relationship could exist under the law of Alaska or not.

It is said that the court awarded each party one-half of the real and personal property, but that the court does not appear to have made an attempt to distinguish separate property from that of jointly owned property. The whole record is replete with the showing that the court at all times intended to allow and did allow to the husband at least ten thousand dollars as separate property, which he owned before the marriage. Furthermore, notwithstanding statements in the briefs, the record shows that this was a fair, if not an extremely liberal, valuation. But it is also complained that the court did not allow to the husband the increase in valuation of this separate property invested in the business which occurred after the marriage. It is obvious that the court was of opinion that the services of the wife were necessary and contributed to the increase in value during that time. In any event, there is no showing that the findings were incorrect. There was a piece of real estate on which the husband had a contract to purchase before marriage. The transfer of title was apparently not made until after marriage, and therefore there was no reason why the court should not find that the services of the wife entered into the eventual acquisition and that therefore she was entitled to share therein.

On December 22, 1953, the court ruled that the wife should be paid $750.-00, pending final determination, and question whether counsel for defendant would have any objection. Whereupon, Mr. Kay responded: "No objection." In the memorandum opinion of October 8, 1954, the court found that "both plaintiff and defendant are entitled to a monthly wage of $700.00 each for the entire year 1953," and charged the re-

spective parties with these sums as drawing accounts and instructed the appraisers to take any excess drawn by either party into consideration in arriving at the value of the respective interests in the business. This whole matter is carried into the findings of fact and conclusions of law dated December 22, 1954. In the findings the court also reduced the $750.00, support money, which he had ordered to be paid with the consent of Mr. Kay, to be reduced to "the sum of $500.00 per month from January 1, 1954 to and including October 31, 1954." The wife might complain of the reduction of the amount first ordered, but the husband cannot. There is nothing in this record which shows that this was not a proper allowance. Certainly the stipulation of counsel for the husband should be considered conclusive.

There is objection that the court, in its opinion, indicated that the matters should be settled as to certain features by appraisers, but that he signed the decree before the appraisers had acted. These provisions were carried into the findings and the decree, and eventually the court reviewed the whole matter with the appraisers and decided that the opinion of one of the appraisers was in accordance with the findings previously entered and thereupon reaffirmed the decree. Procedurally, the matter may not have been handled in the exact method which was originally contemplated, but the decree satisfied the court, and after a careful review this Court finds nothing inconsistent in the findings. It is likewise objected that the court appointed a master, but never received a master's report. As this Court reads the record, the master was only appointed as an aid to the court in the accounting features of the transaction. This Court is not convinced that the accounting features which entered into the findings and decree were erroneous in any particular.

Another extremely technical objection is made on the ground that the opinion filed by the court on October 8, 1954, disagrees with the definitive findings and conclusions entered December 22, 1954, and upon which the decree was based. The findings, conclusions and judgment are the final orders and determination. From these the appeal is taken. This Court is not convinced of error in any respect in answering such final orders.

Affirmed.